UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAYNO CRUMB,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONS OFFICER MARK STANE and SERGEANT R. RODRIGUEZ,<br><br>    Defendants. | Case No. 1:17-cv-001471-BAM<br><br>**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO TAKE *DE BENE ESSE* VIDEO DEPOSITIONS OF NON-RETAINED MEDICAL EXPERTS**<br><br>(Doc. No. 43) |

Currently pending before the Court is Plaintiff Frayno Crumb's motion to take *de bene esse* video deposition of certain non-retained medical witnesses filed on March 15, 2019. (Doc. No. 43.) The parties filed a Joint Statement of Discovery Disagreement on March 29, 2019.

The matter was heard on April 5, 2019, before Magistrate Judge Barbara A. McAuliffe. Counsel David Fiol appeared by telephone on behalf of Plaintiff Frayno Crumb. Counsel James Mathison appeared by telephone on behalf of Defendant Mark Stane. Counsel Lynne Stocker appeared by telephone on behalf of Defendant R. Rodriguez.

Having considered the motion, joint statement and parties' arguments, and for the reasons that follow, Plaintiff's motion to take *de bene esse* depositions is DENIED without prejudice.

**I.    Background**

This is a civil rights action arising out of an incident on October 12, 2016, while Plaintiff

1

was incarcerated at Kern Valley State Prison. Plaintiff claims that in retribution for his complaint about the conduct of a female guard, Defendants Stane and Rodriguez, correctional officers, walked him into a hallway and, after clearing other prisoners from the area, Defendant Stane proceeded to handcuff him, disable him with a stream of OC (pepper) spray in the eyes, and then punch and kick him in the face and other parts of his body. Defendant Rodriguez allegedly made no effort to end the beating, and verbally encouraged it. (Doc. No. 46 at 2.)

In contrast, Defendants contend that Plaintiff was being escorted to a confinement room for disruptive behavior when, without warning or provocation, he began punching Defendant Stane, and Defendant Stane defended himself from the sudden attack with the use of unconventional force including punches, until Plaintiff was disabled by OC spray applied by another officer and was brought to the ground and handcuffed. (Id.)

During the course of discovery, Plaintiff reportedly disclosed several of his treating doctors as non-retained experts. After Defendants requested additional details, Plaintiff supplemented his disclosures and narrowed the list to the following five doctors: (1) Victor Kitt, M.D., 2701 16th Street, Bakersfield, CA 93301, who treated plaintiff for a ruptured eardrum and performed the first surgery to correct the injury; (2) Jose Bosque, M.D., Adventist Health Physicians, 2701 Chester Avenue, Bakersfield, CA 93301, who evaluated and treated Plaintiff's right elbow injuries arising out of the October 12, 2016 incident; (3) Jonathan Perry, M.D., Quest Imaging, 9602 Stockdale Hwy, Bakersfield, CA 93311, a medical doctor with a specialty in radiology; (4) Takashi Oshita, M.D., Adventist Health Physicians, 115 Mall Drive, Hanford, CA 93230, who reportedly diagnosed and treated Plaintiff when Plaintiff presented in the emergency room on October 12, 2016; and (5) Michael German, M.D., Central Coast Head & Neck Surgeons, 1095 Los Palos Drive, Salinas, CA 93901, who performed a second surgery on Plaintiff's damaged eardrum.

Plaintiff now requests that the Court allow him to take *de bene esse* depositions of these five doctors. Defendants oppose use of *de bene esse* depositions.

The deadline for completion of expert discovery is currently set for April 26, 2019, and the parties are scheduled to participate in a settlement conference on May 21, 2019.

## II. Legal Standard

*De bene esse* depositions are essentially trial depositions used in place of a witness' live testimony pursuant to Federal Rule of Civil Procedure 32(a)(4). *Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-cv-01995-GMN-CWH, 2016 WL 1170985, at *5 n. 4 (D. Nev. Mar. 23, 2016); *see also Holen v. Jozic*, No. C17-1147JLR, 2018 WL 4518699, at *1 (W.D. Wash. Sept. 20, 2018) ("Perpetuation depositions—also known as *de bene esse* depositions—preserve testimony for use at trial where the witness may be unavailable to attend trial."); *White v. Novartis Pharm. Corp.*, No. CIV-S-06-0665 WBS GGH, 2010 WL 2557198, at *1 (E.D. Cal. June 21, 2010) (noting that *de bene esse* depositions are "essentially trial depositions pursuant to Fed. R. Civ. P 32(a)(4)").

Rule 32(a)(4) allows a party to use a deposition at trial when the witness is unavailable. In relevant part, Rule 32(a)(4) provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . .
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.
>
> …
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(B), (E).

## III. Discussion

Plaintiff essentially requests the *de bene esse* depositions both as a matter of economy because he is of limited means and as a matter of efficiency because "the non-retained doctors who treated him for his injuries are busy professionals who may not appreciate the significant imposition on their schedules that would result if they were forced to appear for trial." (Doc. No. 46 at 5.) Plaintiff further asserts that four of the five doctors have current business addresses more than 100 miles away from the courthouse and will be "unavailable" for trial pursuant to Rule 32(a)(4)(B).

To support his request, Plaintiff relies on *Holen v. Jozic*, 2018 WL 4518699 (W.D. Wash. 2018). In *Holen*, the plaintiff requested leave to take the *de bene esse* depositions of five medical doctors in lieu of trial testimony, arguing as follows:

> Mr. Holen requests the de bene esse depositions because "exceptional circumstances make it desirable–in the interest of justice and with due regard to the importance of live testimony in open court–to permit the deposition to be used." (Mot. at 7 (citing Fed. R. Civ. P. 32(a)(4)(E) ).) According to Mr. Holen, these exceptional circumstances include the disruption to the medical witnesses' medical practices if they have to appear in court, and the significant expense to pay these witnesses to travel to Seattle and take a full day away from their medical practices, as opposed to performing one-or two-hour depositions at their places of work. (Mot. at 7-8.) Mr. Holen notes that "[m]edical doctors generally charge between $500.00 and $1,000.00 per hour to testify." (*Id.* at 4.) Because these medical witnesses are located outside of Seattle, the cost of their travel along with waiting in court to testify far exceeds the expense of de bene esse depositions that can be scheduled at the witnesses' convenience. (*Id.*)

*Id.* at *1. The *Holen* court granted the motion, finding that "under the[] circumstances, especially in light of Defendants' stipulation, Mr. Holen may take *de bene esse* depositions of the five medical witnesses named in his motion." *Id.* at *2.

In opposing the instant motion, Defendants assert multiple reasons to deny the request for *de bene esse* depositions, including (1) that they are entitled to cross-examine these witnesses at trial, (2) the cases relied upon by Plaintiff authorizing *de bene esse* depositions did so in circumstances where all parties had stipulated to proceed in that manner, (3) there is no showing that these witnesses will not be available to testify at trial or that they would not be subject to appear pursuant to a trial subpoena under Rule 45(c), (4) the motion is premature in the absence of a showing that these witnesses will not be available to testify and in light of a settlement conference scheduled in May 2019, (5) there is no need for *de bene esse* depositions because an ordinary discovery deposition may be used at trial if one or more of the witnesses is unavailable under Rule 32(a)(4), and (6) there will still be a financial burden imposed on Plaintiff by the taking of *de bene esse* depositions.

The Court finds that the circumstances presented do not warrant the taking of *de bene esse* depositions of the five medical witnesses named in Plaintiff' motion at this time. Unlike the cases relied upon by Plaintiff, the parties have not agreed or otherwise stipulated to the *de bene esse* depositions. Additionally, the request is premature because there is no indication that any of

these witnesses will be unavailable for trial or that they would be unwilling or unable to comply with a trial subpoena issued pursuant to Federal Rule of Civil Procedure 45. Further, the convenience of the treating doctors does not outweigh Defendants' right to cross-examine these witnesses at trial. Accordingly, Plaintiff's motion to allow him to take *de bene esse* depositions of the five medical witnesses will be denied without prejudice.

At the hearing, the parties also discussed and agreed that the depositions of these witnesses may take place, if necessary, after completion of the settlement conference and expiration of the current deadline for expert discovery. As stipulated by the parties, and for good cause, the deadline to complete expert discovery *only* as to the non-retained medical experts identified in this motion shall be extended to October 31, 2019.

**IV. Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to take *de bene esse* video depositions of non-retained medical doctor expert witnesses, filed on March 15, 2019, is DENIED without prejudice; and

2. The deadline to complete expert discovery *only* as to the non-retained medical experts identified in this motion is EXTENDED to **October 31, 2019**.

IT IS SO ORDERED.

Dated: **April 5, 2019**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE